| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

| | | |
|---|---|---|
| Junial Douglas, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-11-1924 |
| Smith International, Inc., | § § | |
| Defendant. | § § | |

# Opinion on Summary Judgment

1. *Introduction.*

A Missouri citizen worked for a Texas company in Saudi Arabia for twelve years, and he wants severance pay owed to him under Saudi Arabian law. The worker will prevail.

2. *Agreement.*

Smith International supplies parts and services to oil and gas companies. Junial Douglas worked for Smith in Saudi Arabia for twelve years, retiring as a district manager. Douglas's work schedule was a three month rotation – one month off after every two months spent working. When Douglas retired in December, 2010, he asked Smith for $144,657.45 owed to him as severance pay under Saudi Arabian law. Smith refused.

When an employee quits after working for more than five years, chapter four of the Saudi Arabian Labor and Workmen Law requires employers to pay a "half-month wage for each of the first five years and a one-month wage for each of the following years" of employment.

Smith says that Saudi Arabian law allows employees to waive their right to severance pay for a similarly beneficial arrangement. Smith says that contributions to Douglas's 401k fund was such an arrangement, but Douglas says that he never agreed to this substitution.

Smith also relies on its most recent contract with Douglas. The contract says that the severance pay required by some countries will "offset any compensation and benefits due to [Douglas] from the Company." Smith says it can offset the required severance pay with past contributions to Douglas's 401k fund.

Smith made all 401k contributions before Douglas retired. Because Smith did not owe him any other money when he retired, there was nothing to offset the required severance pay owed. Douglas did not agree to substitute 401k contributions for severance pay. When he retired, Douglas expected payment that was never waived.

3.   *Work Rotation.*

Smith also says that Saudi Arabian law does not require severance pay for employees who did not work for more than two months in the country. Because Douglas never worked in Saudi Arabia for more than two consecutive months, Smith says he should not be paid.

Smith ignores the continuous twelve year relationship it had with Douglas. While Douglas was allowed a month of respite after every two months of work, his work rotation was controlled by an ongoing relationship with Smith. Douglas's work rotation did not except him from severance pay, just as a weekend does not except an employee from his salary.

4.   *Choice of Law.*

The contract between Smith and Douglas says that Texas law governs its "validity, construction and enforcement of [the] agreement." This does not allow circumvention of Saudi Arabian law; it only specifies the application of Texas contract law and jurisprudence. Parties cannot contract out of national labor-law requirements. Saudi Arabian labor law requires severance pay for people working within its borders.

5.   *Severance.*

On August 8, 2011, both parties agreed at conference that a proper calculation of severance pay includes basic pay, hazardous work pay, housing and vehicle allowances. Saudi Arabian law requires these amounts to be based on the last month of wages earned. The total of these amounts for Douglas's last month of work is $15,227.10. Applying the Saudi Arabian labor-law formula, twelve years of work entitles Douglas to $144,657.45.

6.  *Conclusion.*

If Smith wants to substitute 401k contributions for a mandated severance payment, its contract must say that. Smith's sloppy contracting does not waive employee rights or allow circumvention of the country's labor laws where it does business.

Smith will pay Douglas $144,657.45.

Signed on September 30, 2011, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge